1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOSHUA C. BRANT,

　　　Plaintiff,

　　v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

　　　Defendant.

NO.  CV-11-184-RHW

**ORDER GRANTING
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT;
DENYING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT**

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 13 and Defendant's Motion for Summary Judgment, ECF No. 15. The motions were heard without oral argument. Plaintiff is represented by Lora Lee Stover. Defendant[1] is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Jeffrey McClain.

I. **Jurisdiction**

On May 27, 2008, Plaintiff Joshua C. Brant filed an application for Supplemental Social Security Income (SSI). Plaintiff alleges that he has been disabled since March 1, 1997.

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1**

His application was denied initially on August 6, 2008, and again denied on reconsideration on October 1, 2008. A timely request for a hearing was made.  On October 8, 2009, Plaintiff appeared in Spokane, Washington before Administrative Law Judge (ALJ) R.S. Chester. W. Scott Mabee, Ph.D, medical expert, and Scott A. Whitmer, vocational expert, also appeared at the hearing. Plaintiff was represented by attorney Lora Lee Stover.

The ALJ found that Plaintiff was not disabled since May 27, 2008, the date the application was filed. Plaintiff timely requested review by the Appeals Council, which was denied March 24, 2011. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. (42 U.S.C. §405(h)). Plaintiff filed an appeal with the U.S. District Court for the Eastern District of Washington on May 10, 2011.  The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

**II.    Sequential Evaluation Process**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities?  20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574, 416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571, 416.920(b). If he is not, the ALJ  proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity?  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.*  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past?  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant is able to perform his previous work, he is not disabled.  *Id.*  If the claimant cannot perform this work, the ALJ proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience?  20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

1  mental impairment prevents him from engaging in his previous occupation. *Id*. At
2  step five, the burden shifts to the Commissioner to show that the claimant can
3  perform other substantial gainful activity. *Id.*

4  **III.    Standard of Review**

5        The Commissioner's determination will be set aside only when the ALJ's
6  findings are based on legal error or are not supported by substantial evidence in
7  the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)
8  (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla,"
9  *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance."
10 *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial
11 evidence is "such relevant evidence as a reasonable mind might accept as adequate
12 to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the
13 ALJ's denial of benefits if the evidence is susceptible to more than one rational
14 interpretation, one of which supports the decision of the administrative law judge.
15 *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the
16 evidence can support either outcome, the court may not substitute its judgment for
17 that of the ALJ." *Matney*, 981 F.2d at 1019.

18       A decision supported by substantial evidence will be set aside if the proper
19 legal standards were not applied in weighing the evidence and making the
20 decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th
21 Cir. 1988). An ALJ is allowed "inconsequential" errors  as long as they are
22 immaterial to the ultimate non-disability determination. *Stout v. Comm'r, Soc. Sec.*
23 *Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

24 **IV.    Statement of Facts**

25       The facts have been presented in the administrative transcript and the ALJ's
26 decision, and will only be summarized here.

27       At the time of the hearing, Plaintiff was 20 years old. He has an 8th grade
28 education. He has difficulty in school and was kicked out of at least three schools

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 4**

for fighting with students and teachers. He was also kicked out of Job Corps. He had two short-term employments, but he was fired from both. He has spent time in juvenile detention because of his fighting. He has had physical altercations with his family members. He does not have a drivers license, rather, his mother drives him to his appointments. He helps his mother with the shopping, and can do housework. He does not use public transportation because he does not like to be around other people.

**V.    The ALJ's findings**

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 27, 2008, the application date. (Tr. 25.)

At step two, the ALJ found Plaintiff had the following severe impairments: antisocial conduct, intermittent explosive disorder, attention deficit hyperactivity disorder and asthma. (Tr. 25.)

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 27.)

At step four, the ALJ found that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: avoid concentrated exposure to fumes, odors, and dust; capable of simple one- to three-step tasks as well as complex tasks; and superficial contact with the public and coworkers. (Tr. 31.) He found Plaintiff had no past relevant work. (Tr. 32.)

At step five, the ALJ considered Plaintiff's age, education, work experience, and residual functional capacity and found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Specifically, the ALJ found that Plaintiff can perform the jobs of assembler, linen grader, and bakery racker. (Tr. 32.)

///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

**VI.    Issues for Review**

Plaintiff presents the following issues with respect to the ALJ's findings:

1.   The ALJ erred in disregarding the medical expert's testimony and the reviewing DDS psychologist's assessment of limitations;

2.   The ALJ erred in assessing Plaintiff's residual functional capacities;

3.   The ALJ failed to pose a proper hypothetical to the vocational expert;

4.    The evidence taken from the record as a whole does not support the ALJ's decision that Plaintiff is not disabled.

**VII.    Discussion**

The underlying issue in Plaintiff's appeal is whether the ALJ erred in finding that Plaintiff is not limited in interacting with his supervisors. Rather than crediting Dr. Mabee and Dr. Kraft's opinion on this issue, the ALJ concluded that Plaintiff would be able to accept instructions and respond appropriately to criticism from supervisors. (Tr. 31.) Both Dr. Mabee and Dr. Kraft opined that Plaintiff had difficulty working with supervisors. At the hearing, Dr. Mabee testified:

> I didn't complete the MSS, but basically, what I saw as the most prominent limitations would be in the area of interpersonal functioning and therefore, being able to deal with the public, dealing with co-workers, dealing with supervision in particular, would have at least moderate to marked limitations.

(Tr. 59.)

Dr. Kraft believed Plaintiff to be moderately limited in terms of his ability to accept instructions and respond appropriately to criticism from supervisors (Tr. 308.) Both indicated that Plaintiff's interpersonal difficulties were at least moderate to severe.

In rejecting these opinions, the ALJ noted that although Plaintiff testified that he was fired from his job as a janitor in part because he had difficulties with his boss, on the functional report he stated he was fired for leaving work because he felt his job was done and he wanted to visit his father. At that time, he did not

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

give any indication that he was having difficulties with his supervisor. He also noted that a treatment note from September, 2008, when he was working at the convenience store, indicated that he was having problems with the public, not his supervisor. Consequently, the hypothetical posed by the ALJ did not include any limitations with respect to contact with a supervisor.

The ALJ also gave little weight to Dr. Brown's opinion that Plaintiff has moderate to severe cognitive and social limitation, noting that Dr. Mabee did not believe the record supported the severe ratings. He also relied on the fact that Plaintiff has not received any counseling as an adult and during his adolescence, he did not take counseling seriously. Finally, he noted that Plaintiff suggested there had been some improvement of his symptoms. (Tr. 31.)

Generally, "the opinion of an examining physician is entitled to greater weight than the opinion of a non-examining physician." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (internal citation and quotation omitted). In addition, if a claimant has a treatment relationship with a provider, and that provider's opinion is supported by clinical evidence and not inconsistent with the record, the provider will be given controlling weight. 20 C.F.R. § 416.927(c)(2). "To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (internal citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* Furthermore, if the treating physician's opinion is conclusory, brief, and unsupported by clinical findings, an ALJ need not accept it in light of conflicting opinions. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

Here, the ALJ provided specific and legitimate reasons that are supported by substantial evidence for rejecting Dr. Brown's opinions that Plaintiff's social and cognitive limitations are severe. On the other hand, while the ALJ provided

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

specific reasons for rejecting Dr. Mabee and Dr. Kraft's opinions, these reasons are not clear and convincing, nor does substantial evidence indicate that Plaintiff is able to accept instructions and respond appropriately to criticisms from supervisors. Rather, the record demonstrates that Plaintiff has significant interpersonal difficulties that affect his interaction with the public, co-workers, and supervisors, in particular. The record shows that he has difficulties in interacting with persons of authority. He was kicked out of several schools, he has been in trouble with the law for fighting with the police, friends, and family members, and he has not been able to sustain employment longer than one and half months. He testified that he does not like people and does not like being around people. As such, the ALJ erred in rejecting Dr. Mabee and Dr. Kraft's opinion that Plaintiff has limitations in dealing with supervisors and failing to incorporate this limitation in the Residual Functional Capacity.

On remand, the ALJ shall consider Dr. Mabee's and Dr. Kraft's opinions regarding Plaintiff's limitations in dealing with supervisors in determining his residual functional capacity.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF 13, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 15, is **DENIED**.

3. The decision of the Commissioner denying benefits is reversed, and remanded to the ALJ for further proceedings consistent with this Order.

///
///
///
///
///
///
///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

 4.   The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

**DATED** this 5th day of March, 2012.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\RHW\aCIVIL\2011\Brant\sj.wpd

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**